[No. 17229.    Department One.    September 8, 1922.]

## THE STATE OF WASHINGTON, *Respondent,* v. W. C. BAYLES *et al., Appellants.*[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—REM-
EDIES—VOID ORDER—APPEAL.  If an order of the industrial insurance
department declaring an occupation extra-hazardous under Rem.
Comp. Stat., § 7674, is void because beyond the power conferred or
because of the unconstitutionality of a delegation of legislative pow-
ers, it can be attacked collaterally at any time, and would not be
conclusive because not reviewed by appeal under Id., § 7697.

SAME (121-2)—REMEDIES—APPEAL.  The contention that an or-
der of the industrial insurance department declared an occupation
extra-hazardous, under Rem. Comp. Stat., § 7674, when, as a matter
of fact it was not so, does not go to the validity of the decision, and
hence can only be reviewed by direct appeal under Id., § 7697.

SAME (121-2)—REMEDIES—POWER OF COMMISSION.  The amend-
ment of 1921, Rem. Comp. Stat., § 7674, providing that the director

[1]Reported in 209 Pac. 20.

of labor and industries may, after hearing, declare any occupation or work to be extra-hazardous, and to be under the act, authorizes the director to decide that employees in retail fuel yards are engaged in an extra-hazardous employment.

CONSTITUTIONAL LAW (31)—MASTER AND SERVANT (121-2)—DELE-GATION OF LEGISLATIVE POWERS—POWERS OF COMMISSION. Rem. Comp. Stat., § 7674, authorizing the director of labor and industries, after hearing, to declare any occupation not included within the workmen's compensation act to be extra-hazardous, is not an unconstitutional delegation of legislative authority.

SAME. Such section is not void by reason of its failure to fix any standard by which the department can be guided in coming to its conclusions.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 10, 1922, in favor of the plaintiff, upon sustaining a demurrer to the answer, in an action to recover a contribution to the accident fund provided for by the industrial insurance act. Affirmed.

*William E. Froude,* for appellants.

*The Attorney General, John H. Dunbar, Assistant,* and *M. H. Wight,* for respondent.

*Harold Preston, amicus curiae.*

BRIDGES, J.—The complaint in this action alleged that the defendants were engaged in the business of operating a retail fuel yard in the county of King, state of Washington, and that, in December, 1921, the department of labor and industries, through and by means of the division of industrial insurance, acting by virtue of ch. 182, p. 719, of the Laws of 1921, after a hearing duly had, made a decision and an order that the business of operating a retail coal yard is in fact extra-hazardous, and therefore came within the provisions of the state workmen's compensation act, and that such decision and order fixed the amount to be paid by all retail fuel yards to the state as one per

cent of the actual amount of the pay roll employed in such business; that, because of such decision and order, the defendants had become indebted to the state in the sum of $1.96, which amount they had failed and refused to pay, and judgment was sought against them for that amount. The demurrer of the defendants to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled.

By their answer, the defendants admitted practically all the allegations of the complaint, except they denied they were indebted to the state in any sum. The answer contained affirmative defenses to the effect that their employees are not, as a matter of fact, engaged in any extra-hazardous occupation, as provided by the workmen's compensation act; that the department had no power or authority to make any such order; that such order was and is void and of no legal effect, and that any statute pretending to give the department any such power is unconstitutional and void. The demurrer of the state to these affirmative defenses, on the ground that they failed to state facts sufficient to constitute a defense, was sustained. The defendants elected to stand on the pleadings as thus made, and judgment was rendered against them as prayed for. From this judgment, they have appealed.

They here contend, first; that there is no legislative act authorizing, or purporting to authorize, the department to find and decide, as a fact, that persons working in and about retail fuel yards are engaged in an extra-hazardous occupation as contemplated by the workmen's compensation act; second, that, if there be a legislative act granting such power to the department, it is void and unconstitutional, because it undertakes to delegate legislative power; third, the act is void because it does not furnish any standard to guide

the department in determining whether employments other than those expressly mentioned in the act are extra-hazardous; and fourth, that, in any event, it was the duty of the trial court to hear testimony under the allegation in the answer to the effect that the defendants' employees are not engaged in an extra-hazardous employment, and render its decision upon that question.

At the outset we are met with the contention of the respondent that the judgment must be affirmed because the defendants did not appeal from the order of the department declaring their employees to be engaged in extra-hazardous work. Section 1, ch. 182, Laws of 1921, p. 719, amended § 6604-2 of Rem. Code (P. C. § 3469), by adding certain provisions thereto which purport to authorize the department to determine and declare what occupations, other than those particularly mentioned in the workmen's compensation act, are extra-hazardous. The last sentence of the section as amended reads as follows:

"Any order, finding or decision of the director of labor and industry made and entered under the foregoing provisions of this act shall be subject to review by the courts within the time and in the manner specified in section 6604-20 and not otherwise." Rem. Comp. Stat., § 7674.

The section there mentioned provides that

"any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interest under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, . . . in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. . . ." Rem. Comp. Stat., § 7697.

These provisions make it clear that there is a right of appeal from such an order as the department made in this instance. But notwithstanding this granted right of appeal, at least some of the questions raised in the collateral proceeding may be reviewed by us.

If, as contended by the appellants, the department is not given any power by the statute to declare certain occupations to be extra-hazardous, then any order to that effect made by it would be void; or, if such statute exist but is unconstitutional because of a delegation of legislative power, or for any other reason, any order so made by the department would likewise be void. A void order or judgment may be attacked at any time or place and in any proceeding by persons adversely affected. Appeal from such an order or judgment is not the only way it can be attacked. Any ruling or decision in a valid order or judgment may be attacked only by appeal, if that remedy be given, and if not, then by some other direct method, but a void judgment may be attacked directly and collaterally. We practically so held in the case of *State v. Eyres Storage & Distributing Co.*, 115 Wash. 682, 198 Pac. 390. There the department had done, with reference to another class of business, the same thing it has done in this instance, and there, as here, the state sued for the amount declared to be due it. In that action the respondent also contended that, inasmuch as the defendant had not appealed from the order or decision of the department, it was precluded from asserting, in the action by the state, any lack of power on the part of the commission to make the order. Touching that question, we said:

"The second assignment of error is without merit also. Had the commission made an order within the power granted by the amendment, assuming, without deciding, that such power could be granted and no

appeal had been taken from the order as provided in the amendment a different question would be presented from the one here wherein there is an attempted recovery upon an order the commission had no power to make. The order is void and may be asserted to be so at any time by any one who would wish to be free without it.''

See, also, 15 R. C. L. 841 *et seq.*

The result of this conclusion is that the appellants have a right in this action to question the validity of the order made by the department.

A different question, however, arises concerning the contention of the appellants that the decision of the department was erroneous in that it found and declared that appellants' employees were engaged in an extra-hazardous occupation, when, as a matter of fact, as alleged in their answer, it was not extra-hazardous. This contention does not go to the validity of the decision of the department but only to its correctness, and can be reviewed, if at all, only by appeal directly from the order of the department. Such being the situation, we cannot, in this proceeding, review that question.

We proceed then to consider the questions which in this action are reviewable.

The legislature has made several attempts to authorize the department to declare certain occupations which are not mentioned or included in the workmen's compensation act to be extra-hazardous and thus come under the provisions of that act. Section 6604-2, Rem. Code (P. C. § 3469), being a part of the original workmen's compensation act, provides that:

"If there be or arise any extra-hazardous occupations or work other than those hereinabove enumerated, it shall come under this act, and its rate of contribution to the accident fund hereinafter established,

shall be, until fixed by legislation, determined by the department hereinafter created, upon the basis of the relation which the risk involved bears to the risks classified in § 6604-4, Rem. Code (P. C. § 3471)."

In the case of *State v. Powles,* 94 Wash. 416, 162 Pac. 569, we held that such language did not authorize the department to declare additional occupations to be extra-hazardous. In an effort to correct this situation the legislature of 1919, in § 1, ch. 131, p. 341, Laws of 1919, added the following to § 2 of the original workmen's compensation act:

"The commission shall have power, after hearing had upon its own motion or upon the application of any party interested, to declare any such extra-hazardous occupation or work to be under this act."

In the case of *State v. Eyres Storage & Distributing Co., supra,* we held that the amendment just quoted failed to accomplish the purpose apparently desired. The 1921 legislature again amended § 2 of the original act, being § 6604-2, Rem. Code (P. C. § 3469), by adding thereto the following:

"The director of labor and industries through and by means of the division of industrial insurance shall have power, after hearing had upon its own motion, or upon the application of any party interested, to declare any occupation or work to be extra-hazardous and to be under this act . . ." Rem. Comp. Stat., § 7674.

It is plain that, by this amendment, the legislature has expressly authorized the department, after a hearing as provided by the statute, to find and declare any occupation not already included within the workmen's compensation act to be extra-hazardous. We must hold, therefore, that the statute authorized the department to find and decide that employees in retail fuel yards are engaged in extra-hazardous occupations.

The appellants further contend that the act as construed by us is unconstitutional and void because it undertakes to delegate to the department legislative power. We cannot agree with this contention. In the case of *Field v. Clark,* 143 U. S. 649, the court, discussing this question, said:

"The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation."

This doctrine was quoted and approved in the case of *United States v. Grimaud,* 220 U. S. 506.

In the case of *Cawsey v. Brickey,* 82 Wash. 653, 144 Pac. 938, we sustained a statute which empowered the county game commission to create game preserves. In the case of *Carstens v. DeSellem,* 82 Wash. 643, 144 Pac. 934, the statute considered delegated to the commissioner of horticulture the power to designate what pests and diseases were injurious to fruit trees, and we held that the act was not subject to the objection that it delegated legislative power. In the case of *Spokane Hotel Co. v. Younger,* 113 Wash. 359, 194 Pac. 595, we held that a statute which authorized the industrial welfare commission to ascertain certain facts and provide minimum wages and conditions of labor for women and minors was not an unlawful delegation of legislative power. The following cases out of this court also support the view that the legislation involved here is not open to the objection made: *State v. Storey,* 51 Wash. 630, 99 Pac. 878; *State ex rel. Mc-*

*Bride v. Superior Court,* 103 Wash. 409, 174 Pac. 973; *Vail v. Seaborg,* 120 Wash. 126, 207 Pac. 15.

Appellant further contends that the power granted to the department to determine certain occupations to be extra-hazardous is void because no standard is fixed by which the department can be guided in coming to its conclusions. We do not think there is merit in this contention. The word "extra-hazardous" defines itself, but if any additional standard should be required it is found throughout the workmen's compensation act. Section 7674, Rem. Comp. Stat., says: "There is a hazard in all employment, but certain employments have come to be, and to be recognized as being inherently and constantly dangerous. . . ." That section then proceeds to give a large number of occupations which the legislature itself has declared to be extra-hazardous. In determining whether some other occupation is extra-hazardous the department would compare it with those which the legislature itself has declared to be extra-hazardous. In any instance, if the occupation be "inherently and constantly dangerous," it is extra-hazardous.

The affirmative defense to the effect that appellants' employees are not in fact engaged in an extra-hazardous employment and that the department erred in holding otherwise, failed to state a defense because it could not be raised in this proceeding. The other affirmative defenses failed to state a defense for the reasons we have given.

The judgment is affirmed.

FULLERTON, MITCHELL, and TOLMAN, JJ., concur.