16 U.S. 541
 3 Wheat. 541
 4 L.Ed. 454
 MURRAY'S Lessee
v.
BAKER et al.
 March 9, 1818
 
 THIS was an action of ejectment brought by the plaintiff in error in the circuit court for the district of Goergia, to recover the possession of certain lands lying in that state. At the trial, a special verdict was found, as follows:
 'We find that the lessors of the plaintiff have not been in the state of Georgia since the defendants, or their ancestors, came into possession of the premises sued for. We further find, that the ancestor of the defendants possessed the land from about the year 1791 until his death, which happened about February last, and that the defendant, his children, and legal representatives, have been in possession thereof from that time. If the court are of opinion that the case of the plaintiffs is excepted from the operation of the act of limitations of this state, passed the 21st day of March, 1767, then we find for the plaintiffs, with ten cents damages; but if the court are of a contrary opinion, then we find for the defendant.'
 The judges of the court below divided on a motion that judgment should be entered up for the plaintiffs on this verdict, and the question was thereupon certified to this court.
 The statute of limitations in question is as follows:
 'Be it enacted, &c. that all writs of formedon in descender, remainder, and reverter of any lands, &c. or any other writ, suit, or action, whatsoever, hereafter to be sued or brought, by occasion or means of any title heretofore accrued, happened, or fallen, or which may hereafter descend, happen, or fall, shall be sued or taken within seven years next after the passing of this act, or after the title and cause of action shall or may descend or accrue to the same, and at no time after the said seven years. And that no person or persons that now hath, or have, any right or title of entry into any lands, &c. shall at any time hereafter make any entry but within seven years next after the passing of this act, or after his or their right or title shall or may descend or accrue to the same; and in default thereof, such person so not entering, and his heirs, shall be utterly excluded and disabled from such entry after to be made. Provided, nevertheless, that if any person or persons, that is or shall be entitled to such writ or writs, or that hath, or shall have such right or title of entry, be, or shall be, at the time of such right or title first descended, accrued, come, or fallen, within the age of twenty-one years, feme covert, non compos, mentis imprisoned, or beyond seas, that then such person or persons, and his and their heir, and heirs, shall or may, notwithstanding the said seven years are expired, bring his, her, or their action, or make his, her, or their entry, as he, she or they might have done before this act; so as such person, or persons, or his, her, or their heir and heirs, shall, within three years next after his, her, or their full age, discoverture, coming of sound mind, enlargement out of prison, or returning from beyond seas, take benefit of, and sue for the same, and at no time after the said three years.'
 March 1st.
 Mr. Berrien, for the plaintiff, argued that the term 'beyond seas,' in the statute of limitations, was not to be construed literally, according to its geographical import, but liberally, and with reference to the protection which this clause of the statute was intended to afford. 'Beyond seas, and out of the state, are analogous expressions, and must have the same construction.'a the expression beyond seas has been borrowed from a corresponding statute in Great Britain, where it has a local or geographical aptitude, which it does not possess here. The phraseology of the English statutes has been modified to adapt it to the verying circumstances of that nation. Anterior to the accession of the first James, the northern part of the island was held by Scotland in distinct sovereignty, and in this state of things, the expression 'beyond seas' would have been unapt. A resident of Scotland, though that country was then foreign to England, would not have been within the proviso of the statute. Accordingly, we find, that the corresponding expression in the statutespassed anterior to this period, is 'out of the realm.' And Mr. Justice Wilmot, in pronouncing his opinion in the case of the King v. Walker,b observes, that 'the legislature by altering the phraseology of the statute from 'out of the realm' to 'beyond seas' at this precise period, seems to have pointed to the case of a dwelling in Scotland.' During the war of our revolution, the British army was in possession of part of the state of New-York. It has been held there, that the maker of a promissory note, who was within the British lines during such occupancy, and departed with the British army at the close of the war, was out of the state during that time, and, therefore, not entitled to plead the statute in bar; and that the cause of action accrued only upon his coming into the state after the peace. 'The party was out of the jurisdiction of the state. He was quasi out of the realm. He was where the anthority which was exercised, was derived, not from the state, but from the king of Great Britain by right of conquest.'c So, in this case, the plaintiffs were never within the jurisdiction of the state: and if in the language of the chief justice first cited, beyond seas and out of the state are analogous expressions, they are entitled to bring their action at any time within three years after coming into the state. The opposite construction would involve the absurdity of refusing the protection of the statute to a person living in Chili, because access can be had to that remote country by land; whilst it is extended to a person residing in the neighbouring West-India island, because the seas must be passed in order to reach the latter.
 No counsel appeared to argue the cause on the other side.
 March 9th.
 Mr. Justice JOHNSON delivered the opinion of the court.
 
 
 1
 This is an action of ejectment. The defence set up is the act of limitations of the state of Georgia. The only question which the case presents is, whether the plaintiff, who resided in Virginia, comes within the exception in the act in favour of persons 'beyond seas.'
 
 
 2
 On this question, the court are unanimously of opinion, that to give a sensible construction to that act, the words 'beyond seas' must be held to he equivalent to 'without the limits of the state,' and order this opinion to be certified to the circuit court of the district of Georgia.
 
 
 3
 Certificate for the plaintiff.
 
 
 
 a
 Per Chief Justice MARSHALL. Faw v. Roberdeau's ex'rs. 3 Cranch, 174. 177.
 
 
 b
 1 W. Bl. 286.
 
 
 c
 Sleight v. Kane, 1 Johns. Cas. 76, 81.