**STANTON v. FRANKLIN et al. (No. 6647.)***

(Court of Civil Appeals of Texas. San Antonio. Dec. 14, 1921. Rehearing Denied Jan. 11, 1922.)

**Adoption ☞7 — Voluntary abandonment or written transfer necessary for adoption.**

An adoption of a child cannot prevail against its mother where she has not given a written transfer and has not voluntarily abandoned the child for three years, under Acts 36th Leg. 3d Called Sess. (1920) c. 62, and Rev. St. art. 1.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Habeas corpus by Bertha Franklin and husband to recover custody of children restrained of their liberty by R. D. Stanton. From a judgment awarding custody of the children to the mother, the defendant appeals. Affirmed.

Leonard Brown, of San Antonio, for appellant.

L. B. Camp and J. E. Greer, both of San Antonio, for appellees.

FLY, C. J. Bertha Franklin, joined by her husband, sought, through a writ of habeas corpus, to recover the custody of her children, David Homer Stanton, a boy nine years of age, and Virgil Roy Stanton, a boy six years of age, who, it was alleged, were illegally restrained of their liberty by R. D. Stanton. Mrs. Franklin alleged that she was the mother of the two boys, whose father was dead, and was entitled to the custody of her children. Appellant answered that Mrs. Franklin abandoned her children about February 1, 1919, and for more than three years had failed and refused to support them, and that appellant had educated, maintained, and supported the children and had legally adopted them. He also answered that the mother was not a fit and proper person to have the custody of the children, whose best interest would be subserved by allowing him to keep them. The children were awarded to the custody of the mother.

The evidence shows that the father of the boys died about five years ago and that their mother has not been pecuniarily able to maintain and support them, although since the death of the father she has been married three times; two of the men having been divorced by her. She confided the custody of the children in question, together with an older boy, to appellant, who is their uncle. He has taken good care of them. The children had not been legally adopted by him, nor had such a case of abandonment of three years arisen, under the amendment of the adoption statute as found in the General Laws of the Thirty-Sixth Legislature, Third

Called Session, p. 115, as would preclude the mother from asserting her right to her children.

It is provided in article 1, Rev. Stats. of Texas, that any person wishing to adopt another as his legal heir may do so by filing in the office of the county clerk a statement in writing, signed by him and duly authenticated or acknowledged, reciting that the person adopts the person named therein as his legal heir. The amendment is that the parent or parents of a child may transfer their legal authority to a person desiring to adopt the child, or where they have voluntarily abandoned a child for three years, or voluntarily left it to be cared for by charity for three years, then they will be held to have transferred their parental authority and custody over the child to the party who has adopted such child.

There was no transfer in writing of the custody of the children as required in the amendment of the statute, nor was there any such adoption of the children as is contemplated by the statute. The facts fail to show a voluntary abandonment of the children by the mother.

Appellant filed a deed of adoption of the boys while the habeas corpus proceedings were pending, and only the day before they were tried. The adoption did not seem to be made in good faith, but if it was it could not prevail against the mother, because she had not given a written transfer to the children executed as the statute requires, and had not, under the evidence, voluntarily abandoned her children for three years. Powell v. Ott, 146 S. W. 1019.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 8, 1922.     † Writ of error granted March 1, 1922.