## STONE v. DICKERSON et ux.

### No. 5117.

Court of Civil Appeals of Texas. Amarillo.

Feb. 12, 1940.

B. N. Richards, of Dalhart, for appellant.

Small, Arney & Small, of Amarillo, for appellees.

JACKSON, Chief Justice.

M. Dewey Stone and Margaret Stone were for some years prior to 1937 husband and wife and resided in Dallam County, Texas. Margaret Stone instituted a suit styled Margaret Stone v. M. Dewey Stone, No. 2431, in the District Court of Dallam County against her husband to obtain a divorce, the custody of their minor son, Edward Lee Stone, born on January 17, 1934, and for a partition of their community property.

On May 13, 1937, the court rendered judgment granting the plaintiff, Margaret Stone, a divorce, annulled and cancelled the bonds of matrimony existing between her and her husband, M. Dewey Stone, and partitioned the community property. The court found that Edward Lee Stone was the son of defendant and plaintiff and that she was a suitable person to have custody of their minor son. The decree for divorce and partition of the property are not involved in this controversy.

The construction of the judgment of the court awarding the custody of the child presents one of the material questions before this court for review.

Mrs. Stone moved from Dalhart to Amarillo in October 1937, and on the 13th day of said month was married to A. M. Dickerson.

On or about December 29, 1937, A. M. Dickerson, joined by his wife, Margaret Stone Dickerson, filed his application, styled Ex parte Edward Lee Stone, No. 13546, in the District Court of Potter County, Texas, praying that he be granted leave by the court to adopt Edward Lee Stone as his own son. On the next day the court appointed Mrs. O. W. Moore to investigate the former environments and antecedents of the minor, Edward Lee, and she reported to the court within the time directed and on January 27, 1938, the court rendered a decree, the parts of which, and the findings therein material to a disposition of this appeal, are substantially, that Edward Lee was the son of M. Dewey Stone and Margaret Stone, who were divorced at Dalhart May 13, 1937; that Margaret Stone married the petitioner, A. M. Dickerson, on October 13th thereafter and since the marriage the minor has lived with his mother and stepfather in their home in Potter County; that the mother joined in the petition of her second husband for the adoption of Edward Lee, who was approximately three and one-half years of age and a proper subject for adoption and the home of petitioner a suitable home for the child, and A. M. Dickerson, the petitioner, was by the decree granted leave to adopt Edward Lee, and the adoption made effective as of date January 27, 1938, adjudging that henceforth Edward Lee should be deemed and held to be the child of A. M. Dickerson as fully as though born to him in lawful wedlock.

On May 26, 1938, M. Dewey Stone, the appellant herein, filed this action, Cause No. 13847, in the District Court of Potter County, Texas, in the nature of a bill of review to set aside and annul the judgment of adoption in the cause styled Ex parte Edward Lee Stone, numbered 13546 on the docket of said court.

The appellant alleged he is the father of Edward Lee Stone; that he did not consent either orally or in writing to the adoption of his minor son by appellee A. M. Dickerson; that he had no notice of the proceedings in Cause No. 13546, was not present at the hearing and had no knowledge thereof and that his parental and paternal rights in and to his son, Edward Lee, had not been terminated by any juve-

nile court or other court of competent jurisdiction.

The appellees answered by general denial, asserted the legality of the proceedings of adoption, but urged that if for any reason the adoption decree should be annulled that the court, all parties being present, should decree said adoption in this action or determine the proper custodian for Edward Lee and the rights of visitation and association of each of the natural parents.

The court sustained the previous judgment of adoption rendered in Cause No. 13546, did not consider the alternative relief asked and M. Dewey Stone prosecutes this appeal.

The appellees admit that the record shows that appellant, M. Dewey Stone, did not give his consent orally or in writing to the adoption of his son, Edward Lee, by A. M. Dickerson; that he was not notified in any way of the adoption proceedings in Cause No. 13546, was not present and had no knowledge thereof.

The part of the judgment in the divorce proceeding, Cause No. 2431, rendered in the District Court of Dalhart, in Dallam County, Texas, decreeing the custody of the child is as follows:

"That the custody of the minor child of Plaintiff and Defendant, M. Dewey Stone, be, and the same is hereby awarded to the Plaintiff, but that the Defendant, M. Dewey Stone, is hereby given the right and privilege to visit and to be with said child at reasonable times and reasonable hours; provided that Defendant shall have the privilege of also taking said child to his mother's home on two Sundays out of each month, provided said child shall not be kept away from the home of Plaintiff for more than six hours on any such occasion and shall be returned by Defendant, M. Dewey Stone, to the possession of Plaintiff within six hours after same may have been taken to the home of said Defendant's mother at any time for which such provision is made.

\*    \*    \*    \*    \*    \*

"That the privilege accorded and herein granted to the defendant, M. Dewey Stone, to visit said child while in the custody of its mother is to be exercised only at reasonable hours and at seasonable times, and the right and privilege herein granted him to take said child from the custody of the plaintiff on two Sundays in each month, and to carry said child to the home of the mother of the Defendant, M. Dewey Stone,

shall likewise be exercised at reasonable hours and said child shall be returned to the custody of its said mother and at the home or place where said mother is living, and from which the custody was so removed, and said child so taken, within the number of hours herein provided."

■ This is a final judgment but an independent action may be instituted to relitigate and adjudicate the custody of Edward Lee Stone. However, the jurisdiction of the District Court of Dallam County was not exclusive, but any district court could entertain such new and independent suit and enter such judgment as the facts warranted, but the interested parties would be entitled to their day in court. Lakey v. McCarroll, Tex.Sup., 134 S.W.2d 1016; Fitts v. Carpenter, Tex.Civ.App., 124 S.W. 2d 420. The decree in the divorce proceedings in Dallam County, Cause No. 2431, did not terminate the father's parental rights, but reserved to him the privilege of visiting with his son at reasonable times and reasonable hours and reserved to him the privilege of taking the child from the custody of the mother on two Sundays in each month for a period of not exceeding six hours on each such occasion provided at the expiration of the time he should return the boy to his mother at the place where she was living.

■ The custody of the mother under the decree was not exclusive but temporarily suspended by the provision granting the father physical possession and custody of the minor for so many hours every two weeks. The District Court of Potter County was not warranted in holding that the divorce decree terminated the parental right of appellant to all custody of his minor son and therefore his consent to the adoption under article 46a, section 6, Vernon's Ann.Civ.St., was necessary and he was entitled to notice of such proceedings. Fitts v. Carpenter, supra; Stanton v. Franklin et al., Tex.Civ.App., 236 S.W. 151, writ refused.

In Pearce v. Harris et al., Tex.Civ.App., 134 S.W.2d 859, the court holds in effect, that the paternal right of the natural father cannot be terminated by a suit to which he is not a party, a proceeding to which he has not consented and has no notice thereof, actual or constructive, and that a divorce decree, which permitted the father to visit his child did not terminate the father's parental right.

The Supreme Court of Louisiana in Downey v. Downey, 183 La. 424, 164 So. 160, 161, holds that a divorce decree authorizing the father to have access to his children, have them visit him and take them out on certain days of the week gave him "The actual physical care, control, possession, and custody of his children during that time."

In Jackson et ux. v. Spellman, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. 1381, the Supreme Court of Nevada had before it for adjudication a case in which the facts are, if not identical, very similar to the facts of the case under consideration. The conclusion of the court is, in substance, that the adoption of the children by their mother and stepfather without the consent of their natural father, notwithstanding a decree awarding the mother the custody of the children, is invalid.

■ The parental right to the custody of a minor child or children is accorded by law to the parents and is subject to judicial control only when such control and supervision is necessary for the safety and welfare of the child. 31 Tex.Jur. 1284, para. 9.

In State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, 903, the Supreme Court of this State uses this language:

"God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate, protect, and guide their offspring, and has qualified them to discharge those important duties by writing in their hearts sentiments of affection, and establishing between them and their children ties which cannot exist between the children and any other persons.

\* \* \* \* \* \*

" 'The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father the child must mainly depend for support, education, and advancement in life; and as security for this he has the obligation of law, as well as the promptings of that parental affection which rarely fails to bring into the service of the child the best energies and the most thoughtful care of the father. In any form of proceeding, the sundering of these ties will always be approached by the courts with great caution, and with a deep sense of responsibility.' "

The appellant, prior to the divorce decree, possessed the privilege of a natural father and the parental right of paternal custody and care of his infant son, but for this privilege he evidently manifested too little appreciation. On account of his conduct this parental right, while not terminated, was reduced to a meager six hours once every two weeks. This very limited time doubtless became of inestimable value to the father and should be denied him only with his consent or on very substantial reasons after he had his day in court.

The judgment is reversed, and the cause remanded.