## HARRIS et ux. v. TUCKER.
### No. 3002.

Court of Civil Appeals of Texas. Waco.
Feb. 1, 1952.

Rehearing Denied Feb. 14, 1952.

Ralph C. Watson, James J. Collins, Dallas, for appellants.

Earl R. Parker, Dallas, for appellee.

HALE, Justice.

This case involves the custody of a minor. On September 16, 1950 appellants filed their verified petition in the court below for leave to adopt Alvin Dale Gillian, a boy eleven years of age. They alleged, among other things, that the boy's natural mother, Mrs. Mildred Gillian Tucker, had given her written consent to the adoption. On November 8, 1950, the petition came on for hearing and after due consideration of the

matter the trial judge announced from the bench that the petition for adoption was granted. On November 21, 1950, before the order of the court granting the petition had been signed or entered, Mrs. Tucker filed in the cause what she designated as a Motion for Rehearing, wherein she denied that she had ever given her consent to the purported adoption, and under appropriate allegations of fact she prayed for the issuance of a writ of habeas corpus commanding appellants to produce the child in court and that his custody be awarded to her or to one of her relatives. Upon order of the court, appellants were duly notified to appear on December 1, 1950 and show cause why the custody of the child should not be delivered to his mother or to one of her relatives, in accordance with the prayer in her so-called Motion for Rehearing. After the evidence had been fully developed on the issues raised by the pleadings of the respective parties, the court rendered judgment setting aside the prior decree of adoption and awarding the custody of the boy to his maternal grandmother, Mrs. Maxine Davis, of Grand Saline, Texas. Hence this appeal.

At the request of appellants the trial court filed findings of fact and conclusions of law. The court found in substance that Alvin Dale Gillian was born December 28, 1938 and had remained in the care and custody of his mother, Mildred Gillian Tucker, from the time of his birth until on or about June 1, 1950; that the only time the boy had lived in the home of appellants was from July 28, 1950 to the date of the trial on March 13, 1951; that Mrs. Tucker discovered for the first time on November 11, 1950 that adoption proceedings had been instituted and she was diligent in her efforts to gain possession of the child, she and her relatives having made repeated demands upon appellants for his delivery to them; that Mrs. Tucker did not execute the consent certificate attached to the petition of appellants for adoption, and if she did execute the same she withdrew any alleged or purported consent prior to the entry of the judgment of adoption; that appellants are not suitable persons to adopt the child; and that the best interests of the child will be served by placing him in the care and custody of his maternal grandmother. The court concluded that the decree of adoption theretofore entered in the cause was invalid and ought to be set aside, and that the care and custody of the child should be awarded to his maternal grandmother, Mrs. Davis.

The first point in the brief of appellants is as follows: "That the adoption judgment entered November 8, 1950 was a valid judgment and the conclusion of law of the trial court that it was invalid is based on an erroneous assumption." Under Points Two to Ten, inclusive, appellants say in substance that the trial court erred in finding the facts as he did, because such findings are not supported by the evidence. The eleventh and last point is as follows: "The court erred in excluding the testimony of Alvin Dale Gillian, a child of approximately thirteen years of age, which constituted a prejudicial abuse of discretion."

Art. 46a of Vernon's Tex.Civ.Stats. prescribes the proceedings by which a minor child may be lawfully adopted in this State. This statute provides, among other things, that no petition for adoption shall be granted until the child to be adopted shall have lived for six months in the home of the petitioner and that no adoption shall be permitted without the written consent of the living parents of the child, except as otherwise therein specified. In the case of Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420, 421, the court, in applying this legislative enactment, said: "Where the statutory exceptions are not applicable, the authorities unanimously hold that the consent of the living parent to the adoption, or at least, notice to such parent of the adoption proceeding, is prerequisite to a judgment of adoption binding upon the parent. 1 C.J. sec. 107, p. 1392; 1 Am.Jur. sec. 36, p. 638; 2 C.J.S. Adoption of Children, §§ 45, 38, pages 435, 421; 1 R.C.L. p. 607; 104 A.L.R. 1464; In re Jackson, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. [1381] 1387; 76 A.L.R. 1078; Lacher v. Venus, 177 Wis. 558, 188 N.W. 613, 24 A.L.R. 403, 416; Stanton v. Franklin, Tex.Civ.App., 236 S.W. 151; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99, 102." See also: Pearce v. Harris, Tex. Civ.App., 134 S.W.2d 859; Stone v. Dicker-

son, Tex.Civ.App., 138 S.W.2d 200; Platt v. Moore, (er. ref.) 183 S.W.2d 682; Hammond v. Chadwick, Tex.Civ.App., 199 S.W. 2d 547.

Although the trial judge announced at the conclusion of the hearing on November 8, 1950 that the petition of appellants for adoption was granted, the decree of the court was not signed or entered until November 27, 1950, which was 6 days after Mrs. Tucker had filed in the cause her so-called Motion for Rehearing. However, we think it is wholly immaterial to a correct disposition of this appeal when the decree of adoption was rendered as distinguished from the date of its entry, or as to whether the pleadings filed by Mrs. Tucker be regarded as a Motion for New Trial or as an attack on the decree of adoption in the nature of a bill of review. It is also immaterial whether the decree of adoption, under the facts found by the trial court, be regarded as void as distinguished from being voidable only. If the minor child had not lived in the home of appellants for six months prior to November 8, 1950 or if Mrs. Tucker did not give her written consent to the adoption, as expressly found by the trial court, then even though the adoption judgment was not void at the time of its rendition or entry, it undoubtedly was invalid in the sense that it was erroneous and voidable, and should have been set aside.

No useful purpose would be served by attempting to set forth in this opinion the conflicting testimony that was introduced in the trial court. Mrs. Tucker testified unequivocally that she did not sign her name to the certificate of consent attached to the petition of appellants, that she did not give her consent at any time for appellants to adopt her son, and that she did not know any proceeding for his adoption had been instituted until November 11, 1950. She and her mother testified as to where and with whom the boy had lived from the time of his birth until the time when the case was tried. While the testimony introduced on behalf of appellants was in most respects directly opposed to the testimony introduced on behalf of Mrs. Tucker, we cannot say as a matter of law that the controlling findings of fact made by the trial court are without support in the evidence. The trial judge had the opportunity of observing the witnesses and it was within his province and judicial discretion to pass upon the credibility of the witnesses and the weight to be given to their testimony. In determining the issue of the child's highest welfare, the trial judge was vested with broad discretionary powers and his exercise of such powers should not be disturbed on appeal except for a clear abuse of discretion. Stevens v. Denton, Tex.Civ.App., 195 S.W.2d 796 and authorities.

Near the conclusion of the trial, counsel for appellants tendered the boy as a witness in their behalf, but, upon objection from counsel for Mrs. Tucker, the court refused to permit him to testify. Although the record does not show what his testimony would have been had he been permitted to testify, counsel for appellants state in their brief that he would have testified to the effect that he preferred to live with appellants in the City of Dallas rather than with his mother or his grandmother in the village of Grand Saline. We doubt whether such testimony would have been admissible, if offered. But, regardless of what his testimony might have been, we cannot say from the record before us that the boy was a competent witness, that the refusal of the trial court to permit him to testify constituted error, or that such error, if any, was in any wise prejudicial to any legal right of appellants.

Finding no reversible error in the cause, all of appellants' points are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.