243 P.2d 600

## ONSRUD et al. v. LEHMAN.
### No. 5489.

Supreme Court of New Mexico.
April 22, 1952.

Richard G. Bean, Roswell, for appellant.

Lewis C. Kimmel, Roswell, for appellees.

McGHEE, Justice.

The lower court approved a petition to adopt two minor children without the consent of their natural father, and the question for determination is whether such consent is necessary where the mother has procured a divorce from such father on the ground of cruelty and she has been awarded the custody of such children, with the father being granted the right of visitation at reasonable times.

Section 25–207, N.M.S.A., 1941 Comp., reads:

"*A legitimate child can not be adopted without the consent of its parents, if living together; and if legally separated, the consent of the parent having legal custody of the child must be obtained. It shall not be necessary to obtain the consent from a father or mother deprived of civil rights or adjudged guilty of adultery or cruelty, and for such cause divorced and deprived of the custody of the child,* or adjudged to be an habitual drunkard, or who has been judicially deprived of the custody of the child on account of cruelty to, abandonment and neglect of, the child or of infamous conduct." (Emphasis supplied.)

The petitioners were married some time after the divorce decree was entered in Arizona and now reside near Roswell, New Mexico; the children involved in this appeal are living with them and being supported and cared for by the petitioners.

The petitioners rely principally upon the cases of Ex parte Wallace, 26 N.M. 181, 190 P. 1020; Blanchard v. State ex rel. Wallace, 30 N.M. 459, 238 P. 1004; Crosby v. Harral, 35 N.M. 575, 4 P.2d 655; and In re Hardesty's Adoption, 150 Kan. 271, 92 P.2d 49.

The first of these cases held the consent of the father of an illegitimate child was not necessary for a valid adoption, and that he was not entitled to notice of the proceedings. In that case the children had been abandoned by both parents long prior to their adoption. It is true in speaking of the rights of the parents the opinion states [26 N.M. 181, 190 P. 1022]:

"* * * The right which they have is a natural right, but in all cases the state is parens patriae to the child, and it has power to, by legislation, control the right of the child to inherit, to take it from its parents, and give it into custody of others, to determine what is for the best interests of the child, and that which will promote the welfare of the state. In other words, the will of the state in such matters is supreme, and in all such cases the Legislature may prescribe what notice, if any, shall be given to the parents of the child to be affected by the contemplated change of its status."

As the statute did not require the consent of the father of an illegitimate child or notice to him, the court did not go outside of the statute to deny relief to the father in that case.

The next case, Blanchard v. State ex rel. Wallace, supra, was brought under the dependent and neglected children statute, Sec. 44–201 et seq., N.M.S.A., 1941 Comp., by the district attorney and involved the same children who were the subject of the litigation in the Wallace case, supra. The trial court found the children were neglected and dependent, took them from the custody of the adopters and placed them in the custody of a suitable person. This court affirmed, saying the interests and welfare of the children were paramount. It must be remembered the custody and not the adoption of the children was the issue in the case.

The appellees place their principal reliance upon the Crosby case, supra. There the child involved had been born in lawful wedlock but the father had deserted the mother and the child shortly after its birth. The mother procured a divorce from the father on the ground of cruelty and custody of the child was awarded to the mother without any right of visitation by the father. The mother thereafter left the child with her foster parents and gave her written consent to the adoption of the child by them. The foster parents, Steve Crosby and Mary L. Crosby, thereupon filed their petition to adopt the child and the paternal grandparents, Edgar F. Harral and wife, protested such adoption. The whereabouts of the father had been unknown for many years.

The petition to adopt took its regular course and the Bureau of Child Welfare recommended the petition be allowed. Following a lengthy trial in which the petitioners and protestants were represented by attorneys, the trial court found it would be to the best interest of the child to grant the petition. The right of the father was not involved and the mother, to whom the exclusive custody of the child had been granted, had given her consent. The question presented here was not involved in that case. This court did say the trial court correctly made the welfare of the children the lodestar of its decision, but it was

speaking of the spirited contest between the petitioners and protestants, the record of which covered some three hundred pages of transcript, and the care which the child would receive.

The italicized portion of the statute quoted above seems to be a common one in many states. One of the leading cases on the subject is In re Jackson, 55 Nev. 174, 28 P.2d 125, 129, 91 A.L.R. 1381. The statute and facts in that case are almost identical with the statute and facts we have here. It is there stated:

"* * * we are of the opinion that where a divorce is granted for cruelty and the innocent spouse is awarded the custody of the children (as in this case), consent of the guilty spouse can only be dispensed with in a proceeding for adoption of such children when the custody is awarded to the innocent party without reserving any rights whatever in the guilty spouse. The custody must be absolute. To conclude otherwise would be to attribute to the Legislature a very slight regard for the great domestic relation of parent and child. As previously stated, consent lies at the foundation of adoption statutes. It is so with our statute. The order of adoption in this case was void because made without the consent of respondent."

There, as here, the guilty spouse had been given the right to visit the child at reasonable times. The case in A.L.R., supra, is followed by an annotation beginning at page 1387.

The following cases hold under a similar statute where the custody of the child is given to the innocent spouse with right of visitation to the offending spouse, the consent of the offending spouse is a prerequisite to a valid adoption: In re Cozza, 163 Cal. 514, 126 P. 161, Ann.Cas.1914A, 214; Bell v. Krauss, 169 Cal. 387, 146 P. 874; Miller v. Higgins, 14 Cal.App. 156, 111 P. 403; In re De Leon, 70 Cal.App. 1, 232 P. 738; In re Lease, 99 Wash. 413, 169 P. 816; In re Force, 113 Wash. 151, 193 P. 698; In re Walker, 170 Wash. 454, 17 P.2d 15; Smith v. Smith, 67 Idaho 349, 180 P.2d 853 and Stone v. Dickerson, Tex.Civ.App., 138 S.W.2d 200.

The contrary is held in the case of In re Hardesty's Adoption, supra [150 Kan. 271, 92 P.2d 50], and it is there stated:

"Right of visitation does not give custody."

We are not unmindful of our statement in Crosby v. Harral, supra, that the purpose of our adoption statutes is to promote the welfare of children by securing to them the benefits of a home and parental care, and that the tendency of the courts is away from the narrow and technical construction of adoption statutes appearing in some of the earlier cases; but the statement could not have related to the question now before it as such matter was not there involved. Neither are we unmindful of the finding

of the trial court that the interests of the children would be best served by granting the adoption. We do not believe, however, these facts warrant us in disregarding what is, except for the Kansas case, the apparently universal rule of the reported cases under a like statute.

It is our opinion that where a divorce decree is rendered on the ground of cruelty to a spouse who is granted the custody of the children, with the right of visitation granted the offending spouse, that the consent of the latter is a necessary prerequisite to the entering of a decree of adoption.

By reason of the foregoing, the decree of adoption will be reversed and the case remanded to the district court with instructions to vacate such decree and enter one denying the adoption.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.