In the Matter of the Application of Everett
Arnold LEAR for a writ of
habeas corpus.

Everett Arnold LEAR, Plaintiff in Error,
v.
Patty Jeanne GROVES and Billy Joseph
Groves, Defendants in Error.

No. 36729.

Supreme Court of Oklahoma.

July 19, 1955.

Rehearing Denied Sept. 13, 1955.

Wayne E. Wheeling, Oklahoma City, for plaintiff in error.

Harry James, Oklahoma City, for defendants in error.

HALLEY, Justice.

Everett Arnold Lear applied to the District Court of Oklahoma County for a writ of habeas corpus requiring Patty Jeanne Groves and Billy Joseph Groves to bring before the court a minor child, Adrian Ann Groves, formerly Adrian Ann Lear, and that he be granted total or partial custody of said minor. Respondents filed a demurrer to the petition which was sustained by the court and the writ denied.

The evidence introduced consisted of the record in the District Court case of Lear v. Lear, a divorce action, from which it appears that:

On July 18, 1944, Everett Arnold Lear and Patty Jeanne Lear were married, and of this marriage a daughter, Adrian Ann Lear, was born. On November 17, 1948, Patty Jeanne Lear sued for a divorce, custody of their child, child support money and expenses of the suit. The principal ground alleged was cruelty on the part of the defendant.

February 9, 1949, the divorce was granted upon the ground of cruelty, and custody of the child was awarded to the mother with right of visitation by the father each Sunday from 1 P.M. to 5 P.M., so long as he conducted himself properly. The defendant was ordered to pay $40 per month for child support, and certain other items of expense and to refrain from annoying his ex-wife in any manner.

June 28, 1949, Everett Arnold Lear filed a motion in the divorce case praying for a

modification of the child custody order, and that he have the right to visit his daughter one or two week-ends in each month from Saturday until Monday. He alleged that on occasions he had not been permitted to visit her on Sundays. The court denied the motion after a hearing and ordered the father to pay costs and expenses of resisting the motion.

March 10, 1950, Patty Jeanne Lear applied for a citation for contempt, which was granted and Everett Arnold Lear was ordered to comply with previous orders of the court in regard to paying child support money, in the payment of which he was found to be in arrears.

June 16, 1950, the court issued a temporary restraining order prohibiting the father from molesting the mother and revoking all rights of visitation. August 4, 1950, a further similar order was issued by the court at the request of Mrs. Groves.

The father appeared on March 27, 1950, and the court heard testimony and found that the father was then in arrears on child support payment in the sum of $160, which the court ordered him to pay at $10 per month and to continue his payments of $40 per month. On the second application by the mother the court enjoined and restrained the father in the following order:

"It is further ordered, adjudged and decreed that said defendant be, and hereby is, enjoined and restrained from coming upon the premises now occupied as a home by plaintiff and her family at any time or for any purpose, and from molesting or attempting to molest plaintiff or any member of her family in any manner whatsoever, by visiting or attempting to visit them or any of them; from telephoning or attempting to telephone plaintiff and her family; from calling at the place of business of the plaintiff or any member of her family; that any order of the Court previously made which conflicts in any manner with this order be and hereby is vacated and set aside; and that all of defendant's rights of visitation of Adrian Ann Lear are vacated, set aside

and suspended until the further order of the Court. (Book 425 Page 510)

"It is further ordered that a copy of this Order be delivered to the Sherriff of Oklahoma County, Oklahoma and that said Sheriff be and hereby is authorized to arrest the said defendant and confine him in the County Jail of Oklahoma County, Oklahoma for contempt of this order whenever it shall appear to said Sherriff that said defendant is in violation of this Order or any provision thereof."

The foregoing order was entered upon the application of the mother alleging that the father had violated prior orders of the court by taking the child from her home against her will and creating a disturbance by kicking the mother and using violent, abusive and profane language in the presence of the child.

August 8, 1951, the mother married Billy Joseph Groves and they immediately filed a petition in the County Court of Oklahoma County to adopt Adrian Ann Lear. A decree of adoption was entered on the same date and provided in part as follows:

"* * * the court further finds that the parents of the said Adrian Ann Lear were divorced on the grounds of cruelty and that the father, the said Everett Arnold Lear, by court order has been restrained from the rights of visitation with the said Adrian Ann Lear, and the Court further finds that all of the allegations of the petition herein are true."

The father of the child was not notified of the application for adoption and did not give his consent thereto.

The appeal involves the validity of the adoption order under the foregoing facts. Only the mother of the minor gave her consent to the adoption. The father contends that the County Court had no jurisdiction to enter the order and that it is void upon the face of the record, making it subject to attack at any time.

The record here discloses that while the father was under a restraining order of the District Court, which expressly authorized the sheriff to arrest the father if he found

that he was violating the court's order, the sheriff arrested the father and placed him in jail. He was released on bond. The record further shows that for several months the father was under an order adjudging him to be wholly incompetent.

The statute we are concerned with in this case is 10 O.S.1951 § 44, which is as follows:

"A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother deprived of civil rights or adjudged guilty of adultery, or of cruelty, and for either cause divorced or adjudged to be an habitual drunkard, or who has been judiciously deprived of the custody of the child, on account of cruelty or neglect."

In the case of Mahan v. Moore, 198 Okl. 67, 175 P.2d 345, this Court held that where a divorce was granted on the grounds of cruelty and gross neglect of duty that it was not necessary to have the consent of the offending parent to an adoption proceeding. In that case the mother of the child obtained the divorce and the child was awarded to the maternal aunt, Pernia Moore. Thereafter this aunt, together with her husband, instituted adoption proceedings and the mother's consent to the adoption was obtained. The father's consent was not obtained but we held the proceedings valid. The question we have in this case was not raised.

In the case of Ronck v. Ronck, 203 Okl. 121, 218 P.2d 902, 904, we held that where an adjudication of cruelty in a divorce decree was no longer operative, consent of a parent so adjudicated was necessary for the adoption of a child thereafter. The facts in that case showed that the father was given the divorce on the grounds of cruelty but at a later hearing the mother was awarded the custody of the child for six months of each year until the child reached school age at which time the mother was to have it nine months of the year. We said there:

"* * * It is the unfitness of the one so adjudged guilty and the absence, by reason thereof, of that parental fitness necessary in determining the child's welfare that his or her consent is not required along with that of the unoffending parent. * * *."

We also said that if at a later hearing it appeared the offending parent was fit to have care and custody of the child and was awarded total or partial custody of the child the effect thereof would be to destroy the force of the former adjudication of cruelty and with the restoration of the mother to parental right and competency, her consent became necessary to the adoption of the child.

The facts in the case at bar distinguish it from the Ronck case, supra, in that in the decree of divorce involved here the mother was awarded the custody, care, control and education of the child, and at a later hearing all rights of visitation were taken away from the father. At the time of the adoption proceedings the father had neither the right to custody nor to visitation, so the necessity of consent of the father to the adoption had never been revived so a valid adoption without his consent could have been and was made.

The natural father of the child argues that because the District Court has the power to modify its decree as to child custody, that even though he was temporarily deprived of its custody that it did not follow that he was permanently so deprived. We cannot agree to this because we do not think that because an order in regard to the custody of children may be modified in this State by the District Court having jurisdiction of the case, that such power will nullify section 44, 10 O.S.1951, where it says that the consent of the offending spouse is not necessary to adoption when divorce has been granted for cruelty and when all rights to custody, care and visitation have been taken away from such parent.

Our attention has been called to three cases from other jurisdictions, namely: Onsrud v. Lehman, 56 N.M. 289, 243 P.2d 600; Devereaux' Adoption v. Brown, 2

Utah 2d 30, 268 P.2d 995, and Jackson v. Spellman, 55 Nev. 174, 28 P.2d 125, 91 A.L.R. 1381. The distinguishing point between these cases and the one at bar is that in those cases the objecting parent had not been deprived of the right of visitation or the complete custody of the child, while in this case, as we have said, the father was denied all care, custody, control and the right of visitation.

In the face of the record in this case the County Court had the authority to enter the decree of adoption without consent or notice to the father.

Judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON and BLACKBIRD, JJ., concur.