Willie MORGAN and wife, Santos B. Morgan, Appellants,

v.

Guadalupe GONZALEZ and wife, Gloria Morgan Gonzalez, Appellees.

No. 14142.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1963.

J. Earl Barnhouse, Alice, for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

MURRAY, Chief Justice.

This is a child adoption case. Willie Morgan and wife, Santos B. Morgan, instituted suit in the District Court of Jim Wells County, seeking to adopt a four-year-old girl by the name of Margarita Gonzalez, without the consent of the child's natural parents, Guadalupe Gonzalez and Gloria Morgan Gonzalez. The trial was to the court without the intervention of a jury and resulted in plaintiffs being denied the right to adopt the child, and the care, custody and control of Margarita Gonzalez were awarded to her natural parents, from which judgment Willie Morgan and wife, Santos B. Morgan have prosecuted this appeal.

No findings of fact or conclusions of law were filed by the trial court and none were requested. Under such circumstances we must indulge the presumption that the trial court resolved all fact issues, based on conflicting evidence, in favor of appellees. Duncan v. Willis, 157 Tex. 316, 302 S.W.

*2d 627;* Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S. W.2d 958; Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74. The evidence shows that the natural parents of Margarita Gonzalez have never given their consent to her adoption by appellants who are her maternal grandparents. There is on file the consent of the County Judge of Jim Wells County to this adoption. When the child was one month and nine days old its parents left it in the custody of its grandparents, appellants herein, so that they could go north and pick cotton. They promised to send some money for the support of the child, but never did. The child has lived in the home of appellants since she was left there by her parents. Willie Morgan, the grandfather, is fifty-nine years of age, and Santos B. Morgan the grandmother, has been drawing a relief check from the government for about fourteen or fifteen years, because she is blind. The parents never gave the child to its grandparents, either orally or by any written agreement.

Appellants base their cause of action upon the following provisions of Article 46a, Vernon's Ann.Civ.Stats.:

"Sec. 6. Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence;

or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

It is apparent from a reading of this Article that appellants are not entitled to adopt this child without the consent of its parents, unless they have voluntarily abandoned and deserted the child for more than two years. The evidence falls far short of showing that appellees herein voluntarily abandoned and deserted their child for a period of more than two years. The mere fact that it was left with its grandparents, with a promise to send money for its support, which promise was not kept, does not show that the parents had abandoned and deserted their child. Hull v. Hull, Tex.Civ.App., 332 S.W.2d 758; Willson v. Jones, Tex.Civ.App., 304 S.W.2d 573; Harris v. Tucker, Tex.Civ.App., 245 S.W.2d 992; Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682.

The judgment of the trial court is affirmed.